**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **ALFREDO GALLEGO** | : | **CIVIL NO. 1:CV-02-1157** |
| **Plaintiff,** | : | |
| | : | **(Judge Kane)** |
| v. | : | |
| | : | |
| **UNITED STATES OF AMERICA,** | : | |
| **Defendant** | : | |

### ORDER

Plaintiff, Alfredo Gallego, filed this civil rights action on July 2, 2002 alleging a claim under the Federal Tort Claim Act ("FTCA"). (Doc. 1). In August 2004, Plaintiff was afforded the opportunity to amend his complaint to add a *Bivens* claim. His amended complaint was filed on October 4, 2004. (Doc. 57). Named as Defendants are the following individuals: Robert Roy Migliorino, D.O; F.A. Terro-Pena, P.A.; Spotts/Krout, LPN; Joe Hutton, P.A.; Mayshock, P.A.; Robert Manekoff, P.A.; Mendez, Warden; R. Roces, MLP; Feliz, HSA; and Yates, Warden. The amended complaint alleges deliberate indifference to Plaintiff's medical needs and improper care for injuries to both his left and right Achilles' tendons.

On December 21, 2004, Defendants filed a Motion for Partial Summary Judgment pursuant to FED.R.CIV.P. 56 seeking an entry of judgment on the Plaintiff's *Bivens* claim only. (Doc. 60). A supporting brief and exhibit were filed on January 6, 2005. (Doc. 65). Plaintiff filed a brief and exhibits in opposition to the motion on March 3, 2005. (Doc. 71). The motion is ripe for disposition. For the reasons set forth below, the motion will be granted.

I. Summary Judgment Standard of Review.

Summary judgment is proper when "the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." FED.R.CIV.P. 56(c). *See also Saldana v. Kmart Corp.*, 260 F.3d 228, 231-32 (3d Cir. 2001). "In determining whether an

issue of material fact exists, the court must consider all evidence in the light most favorable to the non-moving party." *Reeder v. Sybron Transition Corp.*, 142 F.R.D. 607, 609 (M.D. Pa. 1992)(*citing White v. Westinghouse Elec. Co.* 862 F.2d 56, 59 (3d Cir. 1988)). *See also Saldana*, 260 F.3d at 232. A fact that will affect the outcome of the case under the governing law is "material." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

"Once the moving party has shown that there is an absence of evidence to support the claims of the non-moving party, the non-moving party may not simply sit back and rest on the allegations in the complaint." *Schiazza v. Zoning Hearing Bd., Fairview Tp., York County, Pennsylvania*, 168 F. Supp.2d 361, 365 (M.D. Pa. 2001)(*citing Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986)). *See also Saldana*, 260 F.3d at 232. Rather, the nonmoving party is required to go beyond the pleadings and by affidavits or by "depositions, answers to interrogatories and admissions on file" designate "specific facts showing that there is a genuine issue for trial." FED.R.CIV.P. 56(e). Summary judgment should be granted when a party "fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp.*, 477 U.S. at 322-323. The court may grant a motion for summary judgment if the pleadings, depositions, answers to interrogatories, admissions on file, and any affidavits show that there is no genuine issue as to any material fact. FED.R.CIV.P. 56(c). An issue of fact is "'genuine' only if a reasonable jury, considering the evidence presented, could find for the nonmoving party." *Childers v. Joseph*, 842 F.2d 689, 693-694 (3d Cir. 1988) (*citing Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986)).

II. Discussion.

Defendants seek an entry of judgment based upon Plaintiff's failure to exhaust his administrative remedies. The Prison Litigation Reform Act (PLRA) requires prisoners to present their claims through an administrative grievance process before seeking redress in federal court. The act specifically provides

as follows:

> No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

42 U.S.C. §1997e(a). Prisoners must exhaust administrative remedies as to any claim that arises in the prison setting, regardless of any limitations on the kind of relief that may be gained through the grievance process. *See Porter v. Nussle*, 534 U.S. 516, 532 (2002): *Booth v. Churner*, 532 U.S. 731, 741 n. 6 (2001). "[I]t is beyond the power of [any] court . . . to excuse compliance with the exhaustion requirement." *Nyhuis v. Reno*, 204 F.3d 65, 73 (3d Cir. 2000)(*quoting Beeson v. Fishkill Corr. Facility*, 28 F. Supp. 2d 884, 894-95 (S.D.N.Y. 1998).

The PLRA requires not only technical exhaustion of the administrative remedies, but also substantial compliance with procedural requirements. *Spruill v. Gillis*, 372 F.3d 218, 227-32 (3d Cir. 2004); *see also Nyhuis*, 204 F.3d at 77-78. A procedural default by the prisoner, either through late or improper filings, bars the prisoner from bringing a claim in federal court unless equitable considerations warrant review of the claim. *Spruill,* 372 F.3d at 227-32; *see also Camp v. Brennan*, 219 F.3d 279.

The BOP has established an administrative remedy procedure, which is set forth at 28 C.F.R. §§ 542 *et seq.*, whereby a federal prisoner may seek formal review of any aspect of his imprisonment. Inmates must first informally present their complaints to staff and staff shall attempt to informally resolve any issue before an inmate files a request for administrative relief. 28 C.F.R. § 542.13(a). If unsuccessful at informal resolution, the inmate may raise his complaint with the warden of the institution where he is confined. *Id.* at §542.14(a). If dissatisfied with the response, he may then appeal an adverse decision to the Regional Office and the Central Office of the BOP. *Id.* at §§542.15(a) and 542.18.

The BOP maintains computerized indexes of all administrative grievances and appeals filed by

inmates. This computerized program is referred to as SENTRY.  On December 8, 2004, a SENTRY report was generated, which indicates that Plaintiff has not filed any requests for administrative remedy relief while incarcerated.  (Doc. 65-2, p. 3).

In response, Plaintiff states as follows:

> On or about May 11, 2002[,]  plaintiff was interfered by prison officials in filing BP9.  On June 24, 2002[,] plaintiff filed his civil suit in this court.  On November 3, 2003, plaintiff was again denied attempt to follow informal resolution . . . On February 28, 2005 plaintiff again filed an informal resolution to continue his grievance of negligence and deliberate indifference.

(Doc. 71-1, p. 3).  He further states that "[a]s long as the plaintiff has alleged exhaustion and/or interference with sufficient specif[ic]ity, Defendants pleadings without proof should be denied." (Doc. 71-1, p. 4).

A party opposing summary judgment may not rest on mere allegations, general denials, or vague statements that the conduct occurred.  *Quiroga v. Hasbro, Inc.*, 934 F.2d 497 (3d Cir. 1991).  Rather, the party must adduce more than a scintilla of evidence in its favor, and cannot simply reassert factually unsupported allegations contained in its pleadings.  *See Celotex*, 477 U.S. at 325; *Anderson*, 477 U.S. 242. In support of his contention that his exhaustion attempts were interfered with, Plaintiff submits the declaration of Kittrell Decator, a fellow inmate at FCI-Allenwood.  (Doc. 71-35). Therein, Decator recounts Plaintiff's difficulty in pursuing informal resolution.  However, notwithstanding any difficulties obtaining the initial administrative remedy forms, Plaintiff was required to present his claim at all levels of the administrative remedy process before filing suit.

Nor does Plaintiff fare any better in arguing that pursuing administrative remedies would be futile, either because his attempts were interfered with, or based upon his actions taken in relation to pursuit of his FTCA claim.  Section 1997(e)a, as amended by the PLRA, completely precludes a futility exception to its mandatory exhaustion requirement. *See Nyhuis*, 204 F.3d at 69 n. 4, 71.

Because any attempt to pursue administrative remedies would now be time-barred, Plaintiff's *Bivens* claim is procedurally defaulted. *See Spruill,* 372 F.3d at 230 (3d Cir.2004) (holding that the PLRA's exhaustion requirement contains a procedural default component). Defendants' motion for summary judgment will therefore be granted.

III. Order.

**AND NOW**, this 8th day of July 2005, **IT IS HEREBY ORDERED THAT:**

1) Defendants' motion for partial summary judgment (Doc. 60) is GRANTED;

2) The Clerk of Court is directed to terminate Defendants Migliorino, Terro-Pena, Spotts/Krout, Hutton, Mayshock, Manekoff, Mendez, Roces, Feliz, and Yates;

3). Entry of Judgment in favor of the Defendants and against the Plaintiff on the *Bivens* claim is DEFERRED until resolution of Plaintiff's Federal Tort Claim Act matter against the United States, which will be scheduled for trial at the convenience of the Court.

      S/ Yvette Kane
      Yvette Kane
      United States District Judge